UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22916-CIV-MARTINEZ/WHITE

ELROY A. PHILLIPS,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**DEFENDANT UNITED STATES'**
**MOTION TO STAY PROCEEDINGS**

Defendant United States, by and through the undersigned Assistant United States Attorney, respectfully requests that this Court stay this action until the matter Ali v. Federal Bureau of Prisons, which is currently pending before the Supreme Court, is decided. Ali v. Federal Bureau of Prisons, 204 Fed. App'x 778 (11th Cir. 2006), *cert. granted*, 127 S.Ct. 2875 (U.S. May 29, 2007)(No. 06-9130). In support thereof, defendant states the following:

**I.    Factual Background**

Plaintiff Elroy A. Phillips filed this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § §1346(b)(1) and 2671 *et seq.*, seeking damages for the loss of property allegedly caused by the negligent or wrongful act of Agent Brian M. Smith of the Drug Enforcement Administration (DEA), while acting within the scope of his government employment. (Pl.'s Compl., D.E. 1 at ¶ 1-2.) Specifically, plaintiff contends that personal property was seized from him pursuant to his arrest on a federal arrest warrant, and then impounded by law enforcement officers with the

1

Drug Enforcement Administration. Plaintiff further contends that this property (watch, ring, leather notebook, cell phone, etc.) has never been returned and he seeks damages of $23,440. (Pl.'s Compl., D.E. 1 at ¶ 3, Pl.'s Mot. to Amend Amount of Claim, D.E. 16 at ¶ 7.) Defendant does not concede that federal law enforcement officers impounded all of the personal property identified in the complaint. Additionally, defendant contends that most of the property identified in the complaint, was returned. However, a threshold issue in this case is whether the Court has subject matter jurisdiction over plaintiff's cause of action.

## II. The Court Should Stay this Action Pending the United States Supreme Court's Decision in *Ali v. Federal Bureau of Prisons*

Defendant contends that this case should be dismissed for lack of subject matter jurisdiction, on the ground that the United States has not waived its sovereign immunity. The Federal Torts Claims Act (FTCA) constitutes a limited waiver of the sovereign immunity. *See Monzon v. United States*, 253 F.3d 567, 570 (11th Cir. 2001). Specifically, the FTCA authorizes suits against the United States for:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). However, the United States' waiver of sovereign immunity under the FTCA is limited by several statutory exceptions, including 28 U.S.C. § 2680(c). Defendant contends that § 2680(c) applies to this case, thereby warranting dismissal. Section 2680(c) states the following:

> The provisions of this chapter and section 1346 (b) of this title shall not apply to—
>
> (c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of

2

> customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346 (b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer. . . .

28 U.S.C. § 2680(c). This exception has been found to apply to "any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property." *Kosak v. United States*, 465 U.S. 848, 854 (1984).

There is a split among the circuits, however, regarding whether or not the term "other law enforcement officer" used in § 2680(c) is limited to officers acting in a tax, excise, or customs capacity. This issue is directly relevant to the instant case. The majority rule – and the position taken by the Eleventh Circuit – is that § 2680(c) applies to officers other than customs, excise, and tax officials. *See Ali v. Federal Bureau of Prisons*, 204 Fed. App'x. 778 (11th Cir. 2006), *cert. granted*, 127 S. Ct. 2875 (U.S. May 29, 2007) (No. 06-9130) (finding that Federal Bureau of Prisons officers who handled Ali's property fell within the 28 U.S.C. § 2680(c) exception); *Schlaebitz v. United States Dep't of Justice*, 924 F.2d 193 (11th Cir. 1991) (dismissing a claim under the FTCA for loss of property for lack of subject matter jurisdiction and holding that § 2680(c) includes officers in other agencies). In accordance with the majority rule, the Government in this case would retain sovereign immunity and be entitled to a dismissal on the basis of lack of subject matter jurisdiction. Other circuits have held otherwise, declining to extend the exception to law enforcement officers not engaged in tax or customs-related activities. *See, e.g., Andrews v. United States*, 441 F.3d 220 (4th Cir. 2004).

*Ali v. Federal Bureau of Prisons*, however, is presently on appeal before the United States Supreme Court (Case No. 06-9130) and has been set for oral argument on Monday, October 29,

3

2007. The Supreme Court granted certiorari on the precise issue that will determine whether or not the United States in this case is entitled to benefit from the § 2680(c) exception, thereby retaining its sovereign immunity.

> Under 28 U.S.C. 2680(c), the Federal Tort Claims Act's waiver of sovereign immunity does not extend to "[a]ny claim arising in respect of * * * the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." The question presented, over which ten circuits are divided six–to–four is:
> Whether the term "other law enforcement officer" is limited to officers acting in a tax, excise, or customs capacity.

*Ali v. Federal Bureau of Prisons*, No. 06-9130.

Accordingly, Defendant requests that the Court stay these proceedings until the Supreme Court decides the *Ali* case. Staying the proceedings will allow the Court to avoid creating conflicting judicial opinions and to promote judicial and litigant efficiency. Moreover, several other district courts have stayed similar proceedings in light of the pending Supreme Court case. *See Carter v. United States*, No. 1:06-CV-225, 2007 WL 2439500, at *1, *4 (D. Vt. Aug. 23, 2007) (staying a case alleging that the Bureau of Prisons lost a box of a prisoner's personal property until the Supreme Court issues a decision in *Ali*); *Bashir v. United States*, No. 3:05-cv-1165-J-12HTS, 2007 WL 1725214, at *1, *7 (M.D. Fla. June 14, 2007) (staying a case for loss of property against the U.S. Marshal's Service pending resolution of the *Ali* case); *Mendez v. United States*, No. 05-1716(NLH), 2007 WL 1652267, at *1, *3 (D.N.J. June 4, 2007) (staying an action regarding the Bureau of Prisons pending the decision of *Ali*).

## CERTIFICATE UNDER LOCAL RULE 7.1

Plaintiff is currently incarcerated in a federal correctional facility in Atlanta. Therefore, defense counsel was unable to consult with him in accordance with Local Rule 7.1 to determine if

4

he had any objection to the relief sought by the defendant.

WHEREFORE, based on the foregoing, it is respectfully requested that these proceedings be stayed until the United States Supreme Court issues an opinion in the case of *Ali v. Federal Bureau of Prisons*.

Dated: October 19, 2007                   Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

/s/Wendy A. Jacobus
WENDY A. JACOBUS
Assistant U.S. Attorney
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel. No. (305) 961-9301
Fax No. (305) 530-7139
Assigned No. A5500028
E-mail: Wendy.Jacobus@usdoj.gov

## CERTIFICATE OF SERVICE
### CASE NO. 06-22916-CIV-MARTINEZ/WHITE

I HEREBY CERTIFY that on October 19, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served today by mail on the Plaintiff, Elroy A. Phillips, a party who is not authorized to receive Electronic Filing, at the address set forth in the attached service list.

/s/Wendy A. Jacobus
Wendy A. Jacobus
Assistant U.S. Attorney

## SERVICE LIST
## CASE NO. 06-22916-CIV-MARTINEZ/WHITE

Elroy A. Phillips, Pro Se
Reg. No. 71660-004
USP - Atlanta
P.O. Box 150160
Atlanta, GA 30315