```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 06-22916-CIV-MARTINEZ
                              MAGISTRATE JUDGE P. A. WHITE
```

ELROY A. PHILLIPS,                  :

      Plaintiff,             :

v.                                  :           REPORT OF
                                                MAGISTRATE JUDGE
UNITED STATES,                      :

      Defendant.             :
_____

This Cause is before the Court upon:

1. The plaintiff's Motion to Amend the Fifth Amended Complaint [DE# 57]

2. The plaintiff's second amendment to the Fifth Amended Complaint [DE# 58]

3. The plaintiff's Motion to Amend [DE# 67]

4. The plaintiff's Sixth Amended Complaint [DE# 68]

5. The plaintiff's supplement to the Sixth Amended Complaint [DE# 69]

6. Report of Magistrate Judge [DE# 70]

7. The plaintiff's Motion to Amend [DE# 72]

8. Order of Magistrate Judge [DE# 73]

9.   Defendant's Motion for Reconsideration [DE# 74]

10.  The plaintiff's Seventh Motion to Amend [DE# 77]

11.  The plaintiff's Seventh Amended Complaint [DE# 78]

12.  The plaintiff's Motion to Strike [DE# 79]

The plaintiff, Elroy A. Phillips, presently confined at the FCI-Manchester, Kentucky, filed a pro se civil action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, et seq. [DE#'s 1 and 24 (Amended Complaint)]. The plaintiff is proceeding in forma pauperis.

The plaintiff alleged that Drug Enforcement Administration ("DEA") Agent Brian M. Smith negligently deprived him of personal property worth $23,540.00. The plaintiff contends that the DEA seized the property and claims that it turned it over to one of the plaintiff's attorneys, but the plaintiff contends that the property was never given to the attorney. Nevertheless, Agent Smith has attested in this Court that he cannot locate the plaintiff's property. See United States v. Phillips, Case No. 01-8084-CR-LENARD. The plaintiff seeks compensatory damages.

The Defendant filed a Motion to Stay [DE# 36] pending the Supreme Court's decision in Ali v. Federal Bureau of Prisons, 204 Fed.Appx. 778 (11 Cir. 2006), cert. granted, 127 S.Ct. 2875 (2007), in which the Supreme Court heard oral argument on October 29, 2007. In Ali, the Eleventh Circuit held that officers of the Federal Bureau of Prisons who allegedly mishandled an inmate plaintiff's property fell within the FTCA's exception from the waiver of

immunity for claims arising from the detention of goods by "any other law enforcement officer." Specifically, the Court stated:

> The United States Supreme Court has interpreted §2680(c) broadly to cover not only damages arising from the detention of goods or merchandise, but also situations in which damages result from their negligent storage or handling. Kosak v. United States, 465 U.S. 848, 854-59, 104 S.Ct. 1519, 1523-25, 79 L.Ed.2d 860 (1984). The definition of "any other law-enforcement officer," within the meaning of §2680(c) has been addressed by this circuit and sister circuit courts of appeal. Schlaebitz v. United States Dept. of Justice, 924 F.2d 193 (11th Cir. 1991). In Schlaebitz, we held that U.S. Marshals, who were allegedly negligent in releasing a parolee's luggage to a third party, were "law-enforcement officers" within the meaning of the FTCA exception in §2680(c). 924 F.2d at 195; see also United States v. Potes Ramirez, 260 F.3d 1310, 1315-16 (11th Cir. 2001).
>
> After reviewing the record, we conclude that the district court did not err in finding that the officers who handled Ali's property fall within the exception found in 28 U.S.C. §2680(c). See Schlaebitz, 924 F.2d at 194-95. Accordingly, the district court did not err in dismissing Ali's FTCA claim for want of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

Id. at 779-80.

On May 29, 2007, the United States Supreme Court granted Petitioner Ali's petition for a writ of certiorari to determine whether under 28 U.S.C. §2680(c), the term "other law enforcement officer" is limited to officers acting in a tax, excise, or customs capacity. Ali, 127 S.Ct. 2875 (2007)(Docket, Case No. 06-9130).

On October 28, 2007, the Undersigned entered a Report recommending that the Defendant's Motion to Stay proceedings [DE# 36] be granted, because the United States Supreme Court had granted Petitioner's petition for a writ of certiorari in Ali on the above-

stated question, which is an issue that would significantly affect the resolution of the pending case before this Court. [DE# 37].

Subsequently, the plaintiff filed a motion to file an amended complaint to raise an additional claim against Agent Smith pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971). [DE# 38]. The plaintiff acknowledged that if the Supreme Court determined that §2680(c) extends to all federal officers, the plaintiff would not be entitled to relief under the FTCA.

The Undersigned issued a Report finding that the plaintiff had failed to state a claim for relief pursuant to <u>Bivens</u>, because <u>Bivens</u> provides only that victims of a constitutional violation by a federal official may recover damages against that official in federal court, the plaintiff cannot support a <u>Bivens</u> claim based on the <u>negligent</u> damage, loss, or withholding of personal property due to the actions of federal personnel, because there would be no unconstitutional deprivation of property. [DE# 41].

The Honorable Jose E. Martinez issued an Order adopting the recommendations of these Reports, granting the motion to stay and dismissing the Amended Complaint. [DE# 42].

On January 22, 2008, the Supreme Court issued its decision in <u>Ali</u> holding that a federal prisoner has no cause of action under the FTCA for the loss of property. <u>Ali v. Federal Bureau of Prisons</u>, 128 S.Ct. 831 (2008). Accordingly, Judge Martinez lifted the stay and ordered the defendant to file a response to the plaintiff's Second Motion for Leave to Amend [DE# 44]. [DE# 47].

The plaintiff filed a Fifth Amended Complaint [DE# 45] and supplement [DE# 50] seeking to proceed with a <u>Bivens</u> complaint

against Agent Smith. Recognizing that negligence cannot form the basis of a <u>Bivens</u> action, the plaintiff sought to amend to claim that Smith "willfully and maliciously deprived [him] of his personal property without due process of law." Although the Fifth Amended Complaint suffered from some of the same infirmities as the prior <u>Bivens</u> complaint in that the facts tend not to support a claim that Smith intentionally withheld his property in violation of his right to due process, other than the allegation that Agent Smith lied about giving the property to his attorney, with a liberal construction the Court found that the plaintiff had alleged that Agent Smith violated his right to due process under the Fifth Amendment. [DE# 59]. The Court further found that it now appeared that the plaintiff no longer had an adequate post-deprivation remedy under the FTCA, so the plaintiff might support a <u>Bivens</u> claim based on the alleged loss of his personal property, <u>cf. Parratt v. Taylor</u>, 451 U.S. 527, 544 (1981), <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 727 (1986), although the negligent loss of his property is not actionable under <u>Bivens</u> (<u>Bivens</u>' goal is deterring "individual officers from committing constitutional violations" <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 70 (2001)).[1]

The Order [DE# 59] provided that the Operative Complaint in this case be the Fifth Amended Complaint [DE# 45] and supplement [DE# 50] and the case proceed only against Agent Smith, in his individual capacity. Before the defendant was served, the plaintiff filed a Motion to Amend the Fifth Amended Complaint [DE#

---

[1] In <u>Daniels</u>, 474 U.S. at 328, the United States Supreme Court held that negligence will not suffice to establish a due process violation: "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Thus, the negligent loss of the plaintiff's property would not establish a denial of due process.

5

57] and Second Amendment to Fifth Amended Complaint [DE# 58]. Smith filed an Answer [DE# 65]. Subsequently, the plaintiff has filed a Motion to Amend [DE# 67]; Sixth Amended Complaint [DE# 68]; supplement to the Sixth Amended Complaint [DE# 69]; Motion to Amend [DE# 72]; Seventh Motion to Amend [DE# 77]; and Seventh Amended Complaint [DE# 78].

There is an outstanding Report [DE# 70] recommending that:

1. The plaintiff's Motion to Amend [DE# 57] be granted, and the Second Amendment to Fifth Amended Complaint [DE# 58] become part of the Operative Complaint insofar as it clarifies and supplements the Fifth Amended Complaint.

2. The plaintiff's Motion to Amend [DE# 67] to join additional defendant be denied.

3. The Sixth Amended Complaint [DE# 68] and Supplement [DE# 69] be dismissed for failure to state upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(b)(ii).

4. The plaintiff's motion to amend the request for relief be denied without prejudice to permit the plaintiff to amend the request for relief based only on his claim against Agent Smith.

The Undersigned also issued an Order [DE# 73] granting the plaintiff's Motion to Amend the Request for Relief [DE# 72]. The Order noted that if the Honorable Jose E. Martinez issues an Order adopting the recommendations of the Report [DE# 70], the Operative Complaint will become the Fifth Amended Complaint [DE# 45], Supplement [DE# 50], the Second Amendment to Fifth Amended

Complaint [DE# 58] and the amended request for relief [DE# 72]. The Undersigned has issued an Order vacating and withdrawing the Report [DE# 70] and Order [DE# 73].

The defendant Smith moves the Court to reconsider the recommendations of the Report or, in the alternative, objects to the Report. [DE# 74]. Smith argues, inter alia, that the numerous pleading do not comply with Fed.R.Civ.P. 8 or Local Rule 15.1. The plaintiff moves to strike this pleading as untimely. [DE# 79].

Upon reconsideration of the docket and upon consideration of the Seventh Amended Complaint, the Undersigned finds that the defendant's objections to this case proceeding on a piecemeal basis are well founded. The plaintiff must comply with Local Rule 15.1 which requires that an amended complaint reproduce the entire pleading as amended and not incorporate and prior pleading by reference. The multitude of pleadings in this case, the last of which incorporates prior pleadings by reference, are insufficient to proceed. It is thus recommended that if the plaintiff desires proceed on an amended complaint, he be ordered to file one, complete amended complaint which can stand on its own, does not reference any prior complaints or other pleadings, and complies with Fed.R.Civ.P. 8.

Accordingly, it is recommended as follows:

1. The Operative Complaint in this case be the Fifth Amended Complaint [DE# 45] and supplement [DE# 50].

7

2.  The plaintiff's Motion to Amend the Fifth Amended Complaint [DE# 57] be denied.[2]

3.  The plaintiff's second amendment to the Fifth Amended Complaint [DE# 58] be dismissed.

4.  The plaintiff's Motion to Amend [DE# 67] be denied.

5.  The plaintiff's Sixth Amended Complaint [DE# 68] be dismissed.

6.  The plaintiff's supplement to the Sixth Amended Complaint [DE# 69] be dismissed.

7.  The plaintiff's Motion to Amend [DE# 72] be denied.[3]

8.  The defendant's Motion for Reconsideration [DE# 74] be denied as moot.

9.  The plaintiff's Seventh Motion to Amend [DE# 77] be denied.

10. The plaintiff's Seventh Amended Complaint [DE# 78] be dismissed.

---

[2] The Undersigned has issued an Order withdrawing the October 23, Report [DE# 70], which recommends that the plaintiff's Motion to Amend [DE# 57] be granted;, the Second Amendment to Fifth Amended Complaint [DE# 58] become part of the Operative Complaint insofar as it clarifies and supplements the Fifth Amended Complaint; the plaintiff's Motion to Amend [DE# 67] to join additional defendant be denied; and the Sixth Amended Complaint [DE# 68] and Supplement [DE# 69] be dismissed.

[3] The Undersigned has issued an Order vacating the December 17, 2008 Order [DE# 73] granting the Motion [DE# 72].

11. The plaintiff's Motion to Strike [DE# 79] be denied as moot.

12. The plaintiff be ordered to file one <u>complete</u> amended complaint which can stand on its own, does not reference any prior complaints or other pleadings, and complies with <u>Fed.R.Civ.P.</u> 8. within 30 days of the date of the Order adopting the recommendations of this Report.

13. If the plaintiff files one complete amended complaint, it alone becomes the Operative Complaint; if no amended complaint is filed, this case proceed only on the Fifth Amended Complaint [DE# 45] and supplement [DE# 50].

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 17th day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Elroy A. Phillips, <u>Pro Se</u>
    Reg No. 71660-004
    FCI-Manchester
    P.O. Box 4000
    Manchester, KY 40962-4000

```
Wendy A. Jacobus, Esq.
Assistant U.S. Attorney
99 N.E. 4th Street, Third Floor
Miami, FL 33132

Honorable Jose E. Martinez,
United States District Judge
```